**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lucille Rounsley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 1933 |
| | ) | |
| Portfolio Recovery Associates, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Lucille Rounsley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Lucille Rounsley ("Rounsley"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt owed for a Juniper Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant PRA is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect.  Defendant PRA buys debts on a nationwide basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

6.     Defendant PRA is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.  In fact, Defendant PRA conducts extensive and substantial business in Illinois and has a call/collection center located in Illinois.

7.     Defendant PRA is licensed as a debt collection agency in the State of Illinois.  See, record from the Illinois Division of Professional Regulation attached as Exhibit B.  In fact, Defendant PRA acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8.     Ms. Rounsley is a senior citizen with limited assets and income, who fell behind on paying her bills.  At some point in time, Defendant PRA bought Ms. Rounsley's Juniper Bank credit card debt after she defaulted on it and when Defendant PRA began trying to collect it from Ms. Rounsley, she sought the assistance of legal aid

attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

9.      On February 2, 2009, one of Ms. Rounsley's attorneys at LASPD informed PRA, in writing, that Ms. Rounsley was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Rounsley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10.     Nonetheless, Defendant PRA continued to call Ms. Rounsley directly, to demand that she pay the Juniper debt, including a telephone call from "Danielle Davis" on February 5, 2010, from phone number 1-866-428-6589.

11.     Accordingly, on February 8, 2010, Ms. Rounsley's LASPD attorney had to send Defendant PRA another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

12.     All of Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communication And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letter from Ms. Rounsley's agent, LASPD, told Defendant PRA to cease communications and to cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

17.     Defendant PRA's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant PRA knew that Ms. Rounsley was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Rounsley.  By directly calling Ms. Rounsley, despite being advised that she was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

21.     Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Lucille Rounsley, prays that this Court:

1.      Find that Defendant PRA's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Rounsley, and against Defendant PRA,

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lucille Rounsley, demands trial by jury.

Lucille Rounsley,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  March 26, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com